# SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** made as of the 19th day of September 2019 (the "Effective Date"), by and between IT Trailblazers, LLC ("ITTLLC") a New Jersey LLC with its principal place of business at 2050 Route 27, Suite 203 North Brunswick NJ 08902 and **FrontierBPM, Inc., ("Frontier"), a Pennsylvania corporation with its corporate headquarters at 325 Sentry Parkway, Building 5 West - Suite 200, Blue Bell PA 19422** (each a "Party" and hereinafter jointly referred to as the "Parties").

## RECITALS:

A. On about January 10, 2017, ITTLLC and Frontier entered into a General Staffing Agreement ("GSA") under which ITTLLC agreed to provide assigned employees to Frontier in return for certain compensation, including timely payment of amounts due to ITTLLC under the GSA.

B. As a result of ITTLLC's claim that Frontier was in breach of its payment obligations under the GSA, ITTLLC filed suit in the United States District Court for the District of New Jersey (the "First Litigation") claiming that Frontier was indebted to ITTLLC in the amount of $516,701.06 (the "Arrearage"), plus past due fees and costs of suit. That First Litigation was settled by agreement of the Parties.

C. After ITTLLC alleged that Frontier had breached the agreement settling the First Litigation, ITTLLC filed a second suit in the United States District Court for the District of New Jersey and ITTLLC obtained a judgment against Frontier on a motion for partial summary judgment (the "Second Litigation")

D. The Parties now wish to amicably resolve the matters raised in the First and Second Litigation and the judgment obtained in the Second Litigation:

**NOW, THEREFORE**, in consideration of the promises stated herein, and for other such good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. **Payment.** Frontier shall make the following payments totaling $506,000.00 (the "Settlement Amount"), **time being of the essence**:
    (a) $100,000 by wire transfer to ITTLLC (wire instructions to be provided to Frontier) upon mutual execution of this Settlement Agreement, to be applied to the Settlement Amount;
    (b) $16,916.67 by wire transfer on or before November 15, 2019;
    (c) $16,916.67 by wire transfer on or before the fifteenth calendar day of each subsequent month until the entire Settlement Amount is paid in full.

2. **Security Agreement.** The parties agree that the performance of the obligations of Frontier shall be secured by the following:
   (a) A lien on all assets of Frontier, to be secured by an appropriate filing or filings under the Uniform Commercial Code in appropriate jurisdictions; and
   (b) Frontier's principal, Theodore Sak, personally guaranties Frontier's obligations under this Settlement Agreement to the extent of the payments due under the Settlement Agreement for the first twelve (12 months) totaling $203,000.04.
   (c) A confession of judgment executed by Frontier in favor of ITTLLC, which confession of judgment provision is contained in this Settlement Agreement and shall be executed by Frontier, but not filed with the Court unless or until Default.

3. **ITTLLC's Litigation Dismissal and Satisfaction of Judgment.** Upon receipt of the payment referred to in Section 1(a), the Parties shall dismiss the Second Litigation, with prejudice, and ITTLLC shall file a Satisfaction of Judgment relating to the judgment entered against Frontier in the Second Litigation.

4. **Admission from Frontier.** Frontier admits that the Settlement Amount set forth above is correct and is currently owing, less full credit for any payments made under this Settlement Agreement, and further represents, agrees and acknowledges that there are no defenses, offsets, or counterclaims of any nature whatsoever to any of the Settlement Amount as of the Effective Date.

5. **Default.** If Frontier fails to make any of the scheduled payments on its due date, and in the amounts stated in Section 1 of this Settlement Agreement, or otherwise fails to comply with any of the terms and conditions herein or therein (any such event hereby defined as a "Default"), and if such default is not cured within five (5) business days, ITTLLC, at its sole option and without further notice to Frontier and Guarantors, may accelerate the amount due and proceed to enforce its rights to payment as may be legally permitted.

6. **No Waiver.** Nothing contained herein shall constitute a waiver of any all of the ITTLLC's rights or remedies, including the right to commence legal proceedings, in the event of default. Failure by ITTLLC to exercise its rights or remedies under this Settlement Agreement or as otherwise provided by applicable law shall not be deemed to be a waiver of any such rights or remedies.

7. **Termination.** Upon execution of this Settlement Agreement, to the extent not terminated earlier, the GSA and all other agreements between the parties are terminated in all respects.

8. **No Third-Party Beneficiaries.** Nothing expressed or implied in this Settlement Agreement is intended, or shall be construed, to confer upon or give any person other than the parties hereto and their successors and permitted assigns, any rights or remedies under or by reason of this Settlement Agreement.

9. **Mutual Releases.** Effective as of the Effective Date, each Party, for itself and its Affiliates (if any), and each of its predecessors, successors, assigns, heirs, representatives, and agents and for all related parties, and all persons acting by, through, under or in concert with any of them in both their official and personal capacities hereby irrevocably, unconditionally and forever release, discharge and remise the other Party and their respective affiliates (whether an Affiliate as of the Effective Date or later), and their respective predecessors, successors, assigns, heirs, representatives, officers, directors, shareholders, employees, members and agents and for all related parties and all persons acting by, through, under or in concert with any of them in both their official and personal capacities, from all claims of any type and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, known or unknown, that any Party may have now or may have in the future, against the other Party to the extent that those claims arose, may have arisen, or are based on events which occurred at any point in the past up to and including the Effective Date. (collectively, the "Released Claims").

Each Party represents and warrants that no Released Claim released herein has been assigned, expressly, impliedly, or by operation of law, and that all Released Claims released herein are owned by the releasing Party, which has the sole authority to release them. Each Party agrees that it shall forever refrain and forebear from commencing, instituting or prosecuting any lawsuit action or proceeding, judicial, administrative or otherwise collect or enforce any Released Claim that is released and discharged herein. For purposes hereof, an "Affiliate" of a Party shall be any entity that controls, is controlled by, or is under common control with the subject Party.

10. **The Entire Agreement.** This Settlement Agreement sets forth all of the promises, covenants, agreements, conditions and understanding by and between the Parties with respect to the subject matter hereof. Except as otherwise provided herein, this Settlement Agreement supersedes all prior understandings, inducements or conditions contained or referred to herein. This Settlement Agreement may be not amended, waived, discharged or terminated orally but only by a fully executed instrument in writing.

11. **Time is of the Essence.** Frontier agrees and understands that **TIME IS OF ESSENCE** as to all of the Frontier's obligations under this Agreement. ITTLLC must receive the payment under this Settlement Agreement on or before the due dates required under this Settlement Agreement, or with the five-day grace period provided for in paragraph five, to avoid Default by Frontier. There is no grace period for performance of any obligation hereunder.

12. **Severability.** To the extent that any word, phrase, clause, or sentence of this Settlement Agreement shall be found to be illegal or unenforceable for any reason, such word, phrase, clause, or sentence shall be modified or deleted in such a manner so as to make the Settlement Agreement, as modified, legal and enforceable under applicable law, and the remainder of this Settlement Agreement or parts thereof shall not be affected

thereby, the remaining terms and conditions being construed as severable and independent. In the event that this entire Settlement Agreement is found to be illegal or unenforceable, the parties' rights and obligations shall revert to their status just before this Settlement Agreement became effective.

13. **Confidentiality.** No copy of this Agreement shall be disclosed to anyone except the Parties and those permitted disclosure by this paragraph. The Parties agree that they and their agents will maintain absolute confidentiality concerning the Settlement Payment, the communications leading up to the terms and conditions of this Agreement, the terms and conditions of this Agreement, the obligations or non-obligations of either party under the terms and conditions of this Agreement, the absence of a term or condition of this Agreement (hereinafter collectively referred to as the "Confidential Information"). Notwithstanding the foregoing, the Parties are permitted to disclose such information (i) as required to comply with regulatory reporting requirements; (ii) to such Party's attorneys and tax advisors; (iii) in connection with litigation seeking to enforce this Settlement Agreement; and (iv) to comply with an order of a court of competent jurisdiction, a regulatory body, or as otherwise required by law.

14. **Execution in Counterparts.** This Settlement Agreement may be executed only by authorized signatories of each of the Parties (and by executing this Settlement Agreement, each signer represents that he/she is possessed of full authority to execute this Settlement Agreement for Frontier or ITTLLC as the case may be). This Settlement Agreement may be delivered in two or more counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts shall together constitute bur one and the same instrument and Settlement Agreement. Electronic signatures shall be deemed originals.

15. **Cofession of Judgement.** FRONTIER hereby authorizes and empowers the Prothonotary or clerk or any attorney of any court of record, upon default, to appear for and to CONFESS AND ENTER A JUDGMENT OR JUDGMENTS against FRONTIER, in favor of ITTLLC, its successors and assigns, and any other holder hereof, for which this Settlement Agreement, or a true copy hereof, shall be a sufficient warrant for such sums as are due and/or may become due under this Settlement Agreement, with reasonable attorneys' fees, and with costs of suit, at any one or more times after default, with or without declaration filed with release of all errors, and without stay of execution; and does hereby waive and release all relief from any and all appraisements, stay, exemption and homestead laws of any state, now in force or hereafter passed, and any right to except to, strike off, appeal from or open any judgment so entered; and further does waive the right of inquisition on any real estate that may be levied upon to collect this Settlement Agreement, hereby voluntarily condemns the same and authorizes the entry upon the writ of execution of such voluntary condemnation, and agrees that such real estate may be sold on a writ of execution. FRONTIER FUTHER WAIVES ALL RIGHT TO PRIOR NOTICE AND HEARING BEFORE ENTRY OF JUDGMENT. If a copy of this Settlement Agreement, verified by affidavit of ITTLLC or someone on behalf of ITTLLC, shall have been filed in such action, it shall not be necessary to file the original Settlement Agreement as a warrant of attorney.

The authority and power to appear for and confess judgment against FRONTIER, shall not be exhausted by the initial exercise thereof and may be exercised as often as ITTLLC shall find it necessary and desirable and this Settlement Agreement shall be a sufficient warrant therefor. ITTLLC may confess one or more judgments in the same or different jurisdictions for all or any part of the obligations, without regard to whether judgment has therefore been confessed on more than one occasion for the same obligations. In the event any judgment confessed against FRONTIER is stricken or opened upon allocation by or on FRONTIERS behalf for any reason, ITTLLC is hereby authorized and empowered to again appear for and confess judgment against FRONTIER for any part or all the obligations, as provided herein, if doing so will cure any errors or defects in such prior proceedings.

**IN WITNESS WHEREOF**, the undersigned have hereunto set their hands and seals, and caused these presents to be executed the day and year first above written.

**FRONTIER:**

**FrontierBPM, Inc.**

By _[signature]_
Name: Theodore Sak
Title: President

By: _[signature]_
Theodore Sak, as limited guarantor

**ITTLLC:**

**IT Trailblazers LLC**

By _[signature]_
Name: Sampath Kumar Kannan
Title: Executive Director